[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a limited contested dissolution of a marriage which occurred between the parties on October 5, 1990, in Redding, Connecticut. One of the parties has resided in the state at least twelve (12) months preceding the entry of this decree. No minor children were born to the wife since the date of this marriage. Neither party has received aid from the State of Connecticut. From the evidence presented, the CT Page 13401 court finds that the marriage has irretrievably broken down and there is no hope of reconciliation. Accordingly, a dissolution of the marriage may enter on those grounds.
The wife is a flight attendant with American Airlines.
During the first few months of the marriage, she devoted her time to making repairs and improvements to the residence for the holiday arrival of the husband's children of a prior marriage. The following year, 1991, the wife did not work full-time outside the home and earned approximately $6,000. Her current income from full-time employment, including compensation for time away from base, is approximately $35,000 per annum. The court finds that to be her earning capacity.
The husband was a self-employed electrician during the marriage earning approximately $40,000. He now works as a flight instructor earning, according to his financial affidavit, $10,400 per annum.
In 1990, the parties filed a joint tax return. Although no copy of the return was submitted in evidence, the testimony established that the wife's subsequent wages were garnished for a total of $1,901.70, and she borrowed a further $4,500 to pay the balance of taxes due for that year.
In 1991, the parties also filed a joint federal tax return. (Plaintiff's Exhibit 1.) The return reflects that no estimated tax payments were made against the husband's self-employment income. According to the testimony at trial, the original tax of approximately $7,000, which was due on the return, had increased to approximately $8,300 by the time of the late filing of this return. The current amount due is around $15,000 as no payments have ever been made on this debt.
The wife currently has debts totalling $18,000, including her car loan. These debts include borrowing to pay for the husband's education for his aviator training, as well as purchases for the defendant and his children during the marriage, including the bedroom set which the defendant now possesses. The husband's affidavit reflects that he owes his ex-wife $7,500 and other debts of $4,600 for a total of $12,100 in liabilities, excluding the debt to the I.R.S. The parties have little or nothing by way of assets, and the primary issue before this court is the allocation of debt between the parties. CT Page 13402
Based upon the evidence presented, the court makes the following additional findings:
1. There is the requisite jurisdiction.
2. No greater fault in the breakdown of the marriage is assigned to either party.
3. The wife contributed substantially to the payment of the 1990 tax obligation which resulted primarily from the income of the husband during that year, nine months of which was prior to the marriage.
4. The husband's income was the primary support of the parties during 1991.
5. The husband benefited from extremely low cost flights for his children due to the wife's employment.
6. The husband and his children were provided with medical insurance coverage due to the wife's employment.
7. The husband's earning capacity is found to be $40,000, almost four times that which he currently earns in his newly chosen employment.
8. Much of the evidence presented through the husband's testimony lacked credibility.
9. Although the wife is somewhat naive in financial matters, her testimony was credible.
Based upon the evidence presented at trial, and considering all of the applicable statutes and case law, the court makes the following orders:
A. All of the personal property now in the possession of either party shall become the property of that party free from claim by the other party.
B. The husband shall be responsible for promptly paying in full and indemnify and hold the wife harmless from any liability, including counsel fees, for taxes resulting from any jointly filed tax returns beyond that which she has already paid for the CT Page 13403 1990 tax obligation.
C. The wife shall be responsible for the payment of the debts listed on her financial affidavit.
D. The husband shall pay to the wife the sum of $5,000 as a lump sum payment. This amount shall be paid no later than six months from the date of this decision.
E. The husband shall pay to the wife the sum of one ($1) dollar per year as alimony, regardless of the wife's remarriage, so long as there is any outstanding indebtedness and/or liability to the taxing authorities for any tax years in which the parties filed joint returns. This alimony is only modifiable if the husband does not meet his obligations for the prompt payment of taxes and full indemnification of the wife as provided in this decision.
F. The wife's maiden name of Amie Redgate is hereby restored.
Dennis, J.